IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HAROLD ANDREW CALDWELL,          )
                                 )
       **Plaintiff,**         )
                                 )
       v.                     )    1:12CV857
                                 )
SGT. CAUSE,                      )
                                 )
       **Defendant(s).**      )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina and recently prolific pro se litigator, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names "Sgt. Cause" as the only Defendant in the case. He alleges that Cause "slandered" and cursed at him in front of other prisoners. (Docket No. 1 § V.) When Plaintiff then walked away from Cause, Cause allegedly ran up the stairs to Plaintiff's cell "like he was in the Olympics" and, from eight to ten inches away, "hollowered [sic] at [Plaintff] like a child and also spit into [his] face because of frustation [sic]". (Id.) Because of this, Plaintiff believes he is entitled to $150,000 in actual and punitive damages. (Id., § VI.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this

complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28

U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim, 64 F.3d at 955; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)), cert. denied, ___ U.S. ___, 130 S. Ct. 2064 (2010), and cert. denied, ___ U.S. ___, 130 S. Ct. 3275 (2010).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and/or because it fails to state a claim on which relief may be granted.

Plaintiff's first allegation is that he was "slandered" by Defendant Cause. Plaintiff cannot maintain a claim for "slander" under § 1983. See, e.g., Fleming v. West Virginia, No. 5:08CV267, 2009 WL 960217, at *3 (S.D.W. Va. Apr. 7, 2009) (unpublished) ("Section 1983 provides a remedy for violations of all rights, privileges, or immunities secured by the Constitution and laws of the United States. . . . Plaintiff's claim that Defendants defamed his character fails to allege a violation of a federally protected right." (internal brackets and quotation marks omitted) (citing, inter alia, Paul v. Davis, 424 U.S. 693, 712 (1976)).) Plaintiff's attempt at turning an argument with a guard into "slander" and a federal cause of action is also frivolous and is consistent with his behavior in past litigation. Therefore, this claim should be dismissed.

Plaintiff's remaining allegation is that Cause cursed him, followed him into his cell, yelled at him at close range, and, in the process, spit on him. This also does not state a claim for relief under § 1983. This is because verbal insults do not ordinarily rise to the level necessary to state such a claim. Davis v. Goord, 320 F.3d 346, 353 (2nd Cir. 2003). The same is true of verbal abuse of inmates by guards, without more. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Accord, Henslee v. Lewis, 153 Fed. Appx. 178, 180 (4th Cir. 2005); Johnson v. Laham, No. 91-7296, 1993 WL 469160, at **3 (4th Cir. Nov. 15, 1993) (unpublished; decision without opinion, 9 F.3d 1543). Plaintiff does allege that Cause spit

-4-

while yelling at him. However, there is no allegation that Cause did so intentionally, as opposed to accidentally, during the yelling. Further, even if intentional, such *de minimis* uses of force do not support constitutional claims. See Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S. Ct. 1175, 1178 (2010) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)); See also, Johnson v. Carroll, No. 2:08-cv-1494 KJN P, 2012 WL 2069561 (E.D. Cal. June 7, 2012) (unpublished recommendation of United States Magistrate Judge stating that even intentional spitting combined with bumping was *de minimis*). Plaintiff has failed to state a claim for relief and his Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment. It appears that Plaintiff has no money with which to make an initial payment. Therefore, the Court will simply order that the filing fee be deducted from his inmate account on a monthly basis.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September, 2012, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

      /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: August 16, 2012